IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| SURREY VACATION RESORTS, | ) | |
| INC., d/b/a Grand Crowne Resorts, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:15-CV-03218-BCW |
| | ) | |
| THE SURREY PHASE IV | ) | |
| OWNERS' ASSOCIATION, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendants/Counterclaim-Plaintiffs/Third-Party Plaintiffs' Motion to Remand. (Doc. #30). The Court, being duly advised of the premises, grants said motion.

## BACKGROUND

On April 2, 2015, Plaintiff/Counterclaim-Defendant Surrey Vacation Resorts, Inc. ("SVR") filed claims arising under Missouri law in the Circuit Court of Taney County, Missouri, against Defendants The Surrey Phase IV Owners' Association, Inc.; The Surrey Grand Crowne Resort Owners Association, Inc.; and The Surrey Condominium Association, Inc. (collectively, "the Associations"). (Doc. #1-1).

On May 4, 2015, the Associations filed counterclaims against SVR and third-party claims against Leon Bayse; Capital Resorts Group LLC; CRG Club Trust, Inc.; Jason Kersi Shroff; Donald Christopher Myers; and Alex Hodges (collectively, "the Third-Party Defendants"). (Doc. #1-9, -10). The Associations asserted claims under Missouri law and the Racketeer Influenced and Corrupt Organizations, Act, 18 U.S.C. § 1961, *et seq.* ("RICO").

1

On May 28, 2015, based on the Associations' RICO claims, SVR removed the matter to this Court. (Doc. #1). The notice of removal indicated the consent of all third-party defendants who had been served at that time.

On June 16, 2015, the Associations filed amended counterclaims and third-party claims in this Court. In their amended claims, the Associations allege breach of contract, tortious interference, violation of the Missouri Merchandising Practices Act ("MMPA"), permanent injunction, and declaratory relief. (Doc. #28). Each of these claims is asserted under state law; the Associations are no longer pursuing any claims arising under federal law.

Also on June 16, 2015, the Associations filed the instant motion, seeking remand to state court for lack of subject matter jurisdiction. (Doc. #30). SVR and the Third-Party Defendants jointly oppose remand, asserting this Court's subject matter jurisdiction based on the Associations' original claims, and/or supplemental jurisdiction.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction. Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A., 551 F.3d 812, 816 (8th Cir. 2009). In each case, the court has an independent obligation to confirm its subject matter jurisdiction, since the determination "involves a court's power to hear a case." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (citations omitted). Generally, federal courts have original jurisdiction only over civil actions that (1) arise under federal law; or (2) involve parties with complete diversity of citizenship and an amount in controversy exceeding $75,000. 28 U.S.C. §§ 1331, 1332 (2015).

"Any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is

pending." 28 U.S.C. § 1441(a) (2015). A defendant seeking removal under § 1441(a) bears the burden to demonstrate that removal is proper under the circumstances. Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009); In re Prempro Prods. Liab. Litig., 591 F.3d 613, 619 (8th Cir. 2010).

If a defendant files a notice of removal, a plaintiff may challenge removal with a motion to remand. 28 U.S.C. § 1447(c) (2015). The Court's review of a remand motion requires it to strictly construe the removal statute, § 1441. Shamrock Oils & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941). Relatedly, any doubt about the propriety of removal must be resolved in favor of remand. Arrow Fin. Servs., LLC v. Williams, No. 10-3416-CV-S-DW, 2011 WL 9158435, at *2 (W.D. Mo. Jan. 20, 2011) (citing Cochran v. Union Pac. R.R. Co., No. 10-5012-CV-W-FJG, 2010 WL 3398841, at *1 (W.D. Mo. Aug. 23, 2010)).

## DISCUSSION

In the context of this case, only federal question jurisdiction is at issue. The parties suggest that resolution of the motion to remand depends on whether the Associations' original or amended claims are operative for the purpose of subject matter jurisdiction. Upon review of the applicable law, however, it appears that the motion is amenable to resolution based on the plain language of the removal statute. See Arrow Fin. Servs., 2011 WL 915843 at *2.

Section 1441 is to be strictly construed. Shamrock, 313 U.S. at 108. The statute "should be interpreted narrowly, to refer to defendants in the traditional sense of parties against whom the original plaintiff asserts claims." First Nat'l Bank of Pulaski v. Curry, 301 F.3d 456, 462-63 (6th Cir. 2002); Hickman v. Alpine Asset Mgmt. Grp., LLC, 919 F. Supp. 2d 1038, 1043 (W.D. Mo. 2013). By its plain language, § 1441(a) provides that "the defendant or defendants" may remove an action to federal court. 28 U.S.C. § 1441(a) (2015). In general, courts have found that the

3

removal statute refers to the original defendant or defendants only, and does not provide for removal by either a counterclaim defendant or a third-party defendant. See Arrow Fin. Servs., 2011 WL 9158435 at *2. Stated differently, neither a counterclaim defendant, nor a third-party defendant is a defendant under § 1441(a). Id. (citing First Nat'l Bank of Pulaski, 301 F.3d at 462-63; Palisades Collections LLC v. Shorts, 552 F.3d 327, 333 (4th Cir. 2008); Capitalsource Fin., LLC v. THI of Columbus, Inc., 41.1 F. Supp. 2d 897, 900 (S.D. Ohio 2005) ("[C]ounterclaim defendants are not defendants within the meaning of the removal statute."); Creighton St. Joseph Reg'l Healthcare, LLC v. Omaha Constr. Indus. Health & Welfare Plan, No. 8:08CV238, 2008 WL4861712 at *4 (D. Neb. Nov. 7, 2008) ("[A] third-party defendant is not a defendant under § 1441(a)").

In this case, because SVR is a counterclaim defendant, it is not a defendant for purposes of § 1441. Thus, SVR may not properly remove the case to federal court. See Arrow Fin. Servs., 2011 WL 9158435 at *2 (citing First Nat'l Bank of Pulaski, 301 F.3d at 462-63). Nor may the Third-Party Defendants properly remove the case from state court under § 1441. See Lewis v. Windsor Door Co., 926 F.2d 729, 733 (8th Cir. 1991). These parties are not defendants in the traditional sense and lack authority to remove this case under § 1441. Arrow Fin. Servs., 2011 WL 9158435 at *2. This case is subject to remand on this basis.

Moreover, removal based on a federal question is subject to the well-pleaded complaint rule. McLain v. Andersen Corp., 567 F.3d 956, 963 (8th Cir. 2009). Under this rule, "jurisdiction is established only if a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. Only claims arising under state law are at issue on the face of the original complaint, such that exercise of federal jurisdiction in this context is improper. See Arrow Fin. Servs., 2011 WL 9158435 at *2 (citations omitted).

4

Because this Court does not have jurisdiction over the claims at issue, this case is subject to remand. Accordingly, it is hereby

ORDERED Defendants/Counterclaim-Plaintiffs/Third-Party Plaintiffs' Motion to Remand (Doc. #30) is GRANTED. It is further

ORDERED the Clerk of the Court is directed to take all necessary steps to immediately remand this matter to the Circuit Court of Taney County, Missouri. It is further

ORDERED, based upon remand, the other motions pending before this Court are DENIED AS MOOT.

IT IS SO ORDERED.


DATED: <u>October 21, 2015</u>

<u>/s/ Brian C. Wimes</u>
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT